1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    FRANK LOWENBERG, et al.,              Case No. 21-cv-09739-HSG

8                  Plaintiffs,             **ORDER DENYING MOTION FOR**
                                           **LEAVE**
9          v.
                                           Re: Dkt. No. 68
10   ILLINOIS MUTUAL LIFE INSURANCE
     COMPANY,

11                Defendant.

12   FRANK LOWENBERG,

13                Plaintiff,               Case No. 22-cv-05329-HSG

14         v.                              **ORDER DENYING MOTION TO**
                                           **STRIKE OR DISMISS**
15   ILLINOIS MUTUAL LIFE INSURANCE        Re: Dkt. No. 19
     COMPANY,

16
                  Defendant.
17

18

19         These are two related cases—one individual and one proposed class action—in which

20   Plaintiff alleges that Defendant unlawfully terminated health insurance policies.  Plaintiff

21   requested leave to file a first amended complaint in the individual case, No. 21-cv-09739-HSG,

22   Dkt. No. 68, and Defendant filed a motion to strike or dismiss in the proposed class action, No.

23   22-cv-05329-HSG, Dkt. No. 19.  The Court held a hearing on the motions.  Since the Court

24   explained its reasoning at the hearing, it will only briefly summarize its findings here.

25         The Court denied the motion for leave file a first amended complaint at the hearing.  *See*

26   No. 4:21-cv-09739-HSG, Dkt. No. 81.  As the Court noted, Plaintiff has not shown "good cause"

27   for modifying the schedule under Federal Rule of Civil Procedure 16(b), which applies when a

28   party seeks to amend after the deadline in the scheduling order.  *See Johnson v. Mammoth*

United States District Court
Northern District of California

United States District Court
Northern District of California

1   *Recreations, Inc.*, 975 F.2d 604, 607–09 (9th Cir. 1992).  Plaintiff was not diligent in seeking to

2   amend the complaint, which is the primary consideration under Rule 16.  *See Zivkovic v. S. Cal.*

3   *Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification 'was not

4   diligent, the inquiry should end . . . .'" (quoting *Johnson*, 975 F.2d at 609)).  As mentioned at the

5   hearing, Plaintiff's ability to file a related class action three days before the deadline for amending

6   the complaint undermines any credible argument that Plaintiff was diligent.  Moreover, there are

7   no newly discovered facts that warrant amendment, and further prolonging this case—in which

8   Plaintiff's counsel has repeatedly missed deadlines—would unduly prejudice Defendant.

9           As to the motion to strike or dismiss, the Court stated at the hearing it was inclined to deny

10  the motion, and it does so now.  Defendant's arguments are premature.  The Court declines to

11  conduct a choice-of-law or class certification analysis at this stage; it simply does not have the

12  information required to assess such granular questions.  *See, e.g.*, *Forcellati v. Hyland's, Inc.*, 876

13  F. Supp. 2d 1155, 1159 (C.D. Cal. 2012) ("Courts rarely undertake choice-of-law analysis to strike

14  class claims at this early stage in litigation."); *Milan v. Clif Bar & Co.*, 489 F. Supp. 3d 1004,

15  1008 (N.D. Cal. 2020) (denying as premature a request to conduct a choice-of-law analysis).

16  Defendant also challenges Plaintiff's standing, but does not actually argue that Plaintiff has failed

17  to meet the requirements of Article III.  As to whether Plaintiff may bring claims on behalf of

18  another state's residents, the Court declines to reach that question at this time.  *In re Toyota RAV4*

19  *Hybrid Fuel Tank Litig.*, 534 F. Supp. 3d 1067, 1125 (N.D. Cal. 2021) (exercising discretion to

20  "defer ruling on Plaintiffs' nationwide class allegations until a later stage of the proceedings").

21  Further, in response to the Court's concern that class certification seems improbable, the parties

22  agreed to conduct limited discovery on the issue of numerosity, which may result in Plaintiff

23  dropping the class action entirely.  *See* No. 4:22-cv-05329-HSG, Dkt. No. 33.  Thus, the Court

24  **DENIES** the motion to strike or dismiss without prejudice.  *Id.*, Dkt. No. 19.

25  //

26  //

27  //

28  //

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

      The parties have been directed to conduct targeted discovery regarding how many members are in the putative class and file a joint status report by May 31, 2023.  *See* No. 4:22-cv-05329-HSG, Dkt. No. 33.  The Court will not address the case schedule until then.  This order terminates Dkt. No. 30 in Case No. 4:22-cv-05329-HSG.  The parties are **DIRECTED** to meet and confer and submit a new stipulation and proposed order selecting private mediation and setting a deadline.

      **IT IS SO ORDERED.**

Dated:   4/27/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge